IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| PARALLEL IRON, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. 13-443 (RGA) |
| | ) | |
| CLOUDERA, INC.; GROUPON, INC.; | ) | |
| JPMORGAN CHASE & CO.; NOKIA INC.; | ) | |
| TWITTER, INC.; VISA INC.; QUALCOMM | ) | |
| INCORPORATED; RACKSPACE US, INC.; | ) | |
| TRULIA, INC.; EBAY INC.; PAYPAL, INC.; | ) | |
| and WAL-MART STORES, INC., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION
TO STAY THE CLAIMS AGAINST THE CUSTOMER DEFENDANTS**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com
*Attorneys for Defendants*

OF COUNSEL:

Christopher Kao
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300
*Attorneys for Defendant Cloudera, Inc.*

May 10, 2013

# TABLE OF CONTENTS

**Page**

NATURE AND STAGE OF THE PROCEEDING ..................................................... 1

SUMMARY OF ARGUMENT .................................................................................. 2

STATEMENT OF FACTS ......................................................................................... 3

ARGUMENT ............................................................................................................. 4

       I.     THE COURT SHOULD STAY THE CLAIMS AGAINST THE
             CUSTOMER DEFENDANTS PENDING RESOLUTION OF THE
             CLAIMS AGAINST CLOUDERA ................................................... 4

            A.    A Stay of the Claims Against the Customer Defendants Will
                 Simplify the Issues for Trial and Promote Judicial Economy .................. 5

            B.    A Stay of the Claims Against the Customer Defendants Will Not
                 Unduly Prejudice or Disadvantage Parallel Iron ...................................... 8

            C.    This Case is Still in Its Infancy ................................................................. 9

CONCLUSION .......................................................................................................... 9

# TABLE OF AUTHORITIES

**CASES**

*Aro Mfg. Co. v. Convertible Top Replacement Co.*,
   377 U.S. 476 (1964).................................................................................................................6

*Brown Mfg. Corp. v. Alpha Lawn & Garden Equip., Inc.*,
   219 F. Supp. 2d 705 (E.D. Va. 2002) ......................................................................................5

*Commissariat a L'Energie Atomique v. Tatung Co.*,
   C.A. No. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004) ................................2, 5, 6

*Honeywell v. Audiovox Comm. Corp.*,
   C.A. No. 04-1337-KAJ, 2005 WL 2465898 (D. Del. May 18, 2005) ............................ Passim

*Intravascular Research Ltd. v. Endosonics Corp.*,
   994 F. Supp. 564 (D. Del. 1998)..............................................................................................1

*Oplus Tech., Ltd. v. Sears Holding Corp.*,
   C.A. No. 11-8539, 2012 WL 2280696 (N.D. Ill. June 15, 2012) ..................................3, 5, 7, 8

*Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*,
   C.A. No. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012).............................. Passim

*Teleconference Sys. v. Proctor & Gamble Pharm., Inc.*,
   676 F. Supp. 2d 321 (D. Del. 2009)..........................................................................................4

**OTHER AUTHORITIES**

5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1360, 86
   (3d ed. 2004) ...........................................................................................................................1

## NATURE AND STAGE OF THE PROCEEDING

Plaintiff Parallel Iron, LLC ("Parallel Iron") filed this action on March 18, 2013, against Cloudera, Inc. ("Cloudera"), and eleven of its customers:  Groupon, Inc., JPMorgan Chase & Co., Nokia Inc., Twitter, Inc., Visa Inc., Qualcomm Incorporated, Rackspace US, Inc., Trulia, Inc., eBay Inc., PayPal, Inc., and Wal-Mart Stores, Inc. (collectively, the "Customer Defendants").   In the Complaint, Parallel Iron asserts that Cloudera's distribution of software including the Hadoop Distributed File System ("HDFS"), and its customers' use of that software, infringes U.S. Patent Nos. 7,197,662, 7,958,388, and 7,543,177.  D.I. 1 at ¶¶ 24, 29, and 34.

This is the latest in a series of lawsuits that Parallel Iron has filed in this Court on these three patents.  In the second half of 2012, Parallel Iron filed 19 cases—C.A. Nos. 12-762-764, 766, 767, 769, 770, 874-881, 917, 995, 1035 and 1468.  Six of those cases have been dismissed. The Court held a scheduling conference in the other 13 cases on December 20, 2012, setting a *Markman* hearing for November 26, 2013, and a first trial for January 5, 2015.  Parallel Iron has since filed three more actions on the same patents—C.A. No. 13-307 against VMWare, Inc., and three of its customers, on February 22, 2013; C.A. No. 13-367 against Google, Inc., on March 6, 2013; and, finally, this case against Cloudera and its customers on March 18, 2013.

This case is still in its infancy, with Cloudera answering today and no other activity having occurred in this case.   By this Motion to Stay[1], Defendants seek to simplify and streamline the case so that it can proceed as efficiently as possible, and conserve the resources of the Court and the parties.  Because the adjudication of Parallel Iron's claims against Cloudera

---

[1]   Because Defendants have moved to stay this action against the Customer Defendants, those Defendants have not filed Answers to the Complaint.  *See, e.g., Intravascular Research Ltd. v. Endosonics Corp.*, 994 F. Supp. 564, 567 n.3 (D. Del. 1998) ("Historically, motions to stay have been recognized as tolling the time period for answering a complaint because pre-answer consideration of these motions have been found to maximize the effective utilization of judicial resources."); see also 5C Wright & Miller, FEDERAL PRACTICE AND PROCEDURE § 1360, 86 (3d ed. 2004).

will most likely resolve, or at least greatly limit, the claims against the Customer Defendants, the Court should stay Parallel Iron's claims against the Customer Defendants pending the resolution of the claims against Cloudera.  *See Pragmatus Telecom, LLC v. Advanced Store Co., Inc.*, C.A. No. 12-088-RGA, 2012 WL 2803695 (D. Del. July 10, 2012) (granting stay); *Commissariat a L'Energie Atomique v. Tatung Co.,* C.A. No. 03-484-KAJ, 2004 WL 1554382 (D. Del. May 13, 2004) (same); *Honeywell v. Audiovox Comm. Corp.*, C.A. No. 04-1337-KAJ, 2005 WL 2465898 (D. Del. May 18, 2005) (same).

## SUMMARY OF ARGUMENT

1.     Staying the claims against the Customer Defendants will simplify the issues for trial.  The resolution of Parallel Iron's infringement allegations against the Customer Defendants in this case hinge entirely on whether Cloudera's HDFS software infringes any valid, enforceable claim of the '662, '388, or '177 patent.  *See* D.I. 1 at ¶¶ 17, 24, 29, and 34.  As Parallel Iron alleges in the Complaint, all the Customer Defendants "are using the same [HDFS], which is provided by defendant Cloudera."  D.I. 1 at ¶ 17.  In similar circumstances, this Court has recognized that the determination of patent infringement claims against the product's developer would either resolve, or at least greatly simplify, the case against the customers, and have therefore stayed the claims against the customers.  *See Pragmatus*, 2012 WL 2803695, at *1; *Commissariat*, 2004 WL 1554382, at *3-4; *Honeywell,* 2005 WL 2465898, at *4.

2.     Granting a stay as to the Customer Defendants will not prejudice Parallel Iron. Cloudera, the developer and supplier of the allegedly infringing software, is before the Court, and the necessary discovery concerning the functionality and operation of the software can be obtained from it.  *See Commissariat*, 2004 WL 1554382, at *3 ("Because the manufacturers are intimately involved in the design, operation, and use of the accused LCD panels, they are in the best position to contest the validity and infringement of CEA's asserted patents.")  The Customer

Defendants, on the other hand, were not involved in the design or development of the accused software and are not in possession of any relevant and unique technical information. *See Oplus Tech., Ltd. v. Sears Holding Corp.*, C.A. No. 11-8539, 2012 WL 2280696 (N.D. Ill. June 15, 2012), at *3 (the customer "is not likely to have information bearing on [plaintiff's] infringement claims" because "the customer had no involvement in the design, development, manufacture, or any other technical aspects of the accused products"). The stay will also not prejudice Parallel Iron because Parallel Iron is solely in the business of monetizing patents. *See Pragmatus*, 2012 WL 2803695, at *2. Any purported harm that Parallel Iron suffers from a stay can therefore be fully compensated by monetary damages. *Id.*

3.      A stay is also appropriate here because the case is in its infancy. *See Pragmatus*, 2012 WL 2803695, at *2; *Honeywell*, 2005 WL 2465898, at *4. Defendants have filed this Motion before any of the Defendants have responded to the Complaint. The Court has not yet held a Rule 16 conference, and no trial date has been set or any discovery taken in this case.

## STATEMENT OF FACTS

As noted above, Parallel Iron filed 21 other actions on the same patents in this Court prior to this one.[2] Parallel Iron then commenced this action by filing its Complaint against the Defendants on March 18, 2013. D.I. 1. The Complaint alleges that Defendants infringe the patents-in-suit by "making, using, importing, offering for sale and/or selling" software products implementing the Hadoop Distributed File System ("HDFS"), and specifically Cloudera's software that contains HDFS. D.I. 1, at ¶¶ 24, 29, and 34.

---

[2]   Three of the prior suits filed by Parallel Iron also name Cloudera customers—C.A. No. 12-878, against Morgan Stanley; No. 12-879, against Motorola Mobility LLC; and No. 12-995, against Bank of America, N.A. Defendant Cloudera anticipates that the customers named in those suits will also file motions to stay their cases on similar grounds to those raised herein.

The Complaint alleges specifically that:  "The defendants are properly joined in this matter because Defendants Groupon, JPMorgan Chase, Nokia, Twitter, Visa, Qualcomm, Rackspace, Trulia, eBay, PayPal, and Wal-Mart ("Joined Defendants") are all using *the same* Hadoop Distributed System software ("HDFS"), *which is provided by defendant Cloudera*, and thus Parallel Iron's right to relief with respect to the Joined Defendants at least arises out of the same transaction, occurrence, or series of transactions or occurrences regarding HDFS and its claims with respect to Cloudera, and questions of law or fact common to all Defendants will arise in the action."  *Id.* at ¶ 17 (emphasis added).

None of the Customer Defendants are involved in the design or development of Cloudera's software products containing HDFS.  All of the Customer Defendants simply purchase and use the allegedly infringing software provided by Cloudera, as Parallel Iron has alleged. *Id.* at ¶ 17.

## ARGUMENT

**I.    THE COURT SHOULD STAY THE CLAIMS AGAINST THE CUSTOMER DEFENDANTS PENDING RESOLUTION OF THE CLAIMS AGAINST CLOUDERA.**

A district court "has the discretion to stay a case if the interests of justice so require." *Pragmatus*, 2012 WL 2803695, at *1 (citing *Teleconference Sys. v. Proctor & Gamble Pharm., Inc.,* 676 F. Supp. 2d 321, 326 (D. Del. 2009)).  The power to stay proceedings "is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.*  In evaluating a motion to stay, the Court must consider three factors: (1) whether granting the stay will simplify the issues for trial; (2) whether granting a stay would cause the nonmoving party to suffer undue prejudice from any delay, or a clear tactical disadvantage, and (3) whether discovery is complete and a trial date is set. *Id.*

Case 1:13-cv-00443-RGA   Document 22   Filed 05/10/13   Page 8 of 12 PageID #: 189

In this case, each of these factors weighs decidedly in favor of staying Parallel Iron's claims against the Customer Defendants.  Staying the case against the Customer Defendants at this early stage will simplify the issues for trial and promote judicial economy, without unduly prejudicing Parallel Iron.

In similar situations, this Court and courts in other jurisdictions have stayed litigation against customers of allegedly infringing products in favor of proceeding first with the claims against the developer of the product.  *See, e.g.*, *Pragmatus,* 2012 WL 2803695; *Commissariat,* 2004 WL 1554382; *Honeywell*, 2005 WL 2465898; *Oplus*, 2012 WL 2280696; *Brown Mfg. Corp. v. Alpha Lawn & Garden Equip., Inc.*, 219 F. Supp. 2d 705 (E.D. Va. 2002).

### A.   A Stay of the Claims Against the Customer Defendants Will Simplify the Issues for Trial and Promote Judicial Economy.

Granting Defendants' motion to stay will simplify and streamline discovery and trial in this case, because the outcome of Parallel Iron's case against Cloudera will likely resolve Parallel Iron's claims against the Customer Defendants entirely.  *See Pragmatus,* 2012 WL 280369, at *1-2; *Commissariat,* 2004 WL 1554382, at *3-4; *Honeywell,* 2005 WL 2465898, at *4.

This Court's ruling in *Pragmatus* case is instructive.  There, the plaintiff filed several actions for patent infringement against LivePerson, Inc.'s ("LivePerson") customers based on their use of software supplied by LivePerson.  *See Pragmatus*, 2012 WL 2803695, at *1. LivePerson then filed a declaratory judgment action seeking a judgment of non-infringement and invalidity of the patents asserted against LivePerson's customers.  *Id.*  In granting the customers' motion to stay the actions against them, this Court held that "any ruling in the [declaratory judgment action] would simplify the issues in the Customers' cases."  *Id.* at *2.  The Court reasoned that if the declaratory judgment action "results in a finding that the patents-in-suit are

invalid, that will resolve all the cases" and if it "results in a finding that [Live Person] does not infringe the patents, that may resolve the issue of the Customers' infringement; at the least, it will simplify the issue." *Id.* Similarly, this Court noted that if the plaintiff "prevails and LivePerson fully compensates [the plaintiff] for its Customers' use of the LivePerson technology, [the plaintiff] would be barred from seeking further compensation from the Customers based on the same harm." *Id.*

This same reasoning applies here. If Cloudera prevails, and it is determined either that Cloudera's software does not infringe the patents-in-suit or the patents-in-suit are invalid or unenforceable, then Parallel Iron's claims against the Customer Defendants will be moot. Likewise, even if Parallel Iron were to prevail, Parallel Iron will likely be fully compensated for any infringement by a judgment against Cloudera. *See Aro Mfg. Co. v. Convertible Top Replacement Co.*, 377 U.S. 476, 512 (1964). Accordingly, trial with respect to the Customer Defendants would either be completely unnecessary, or greatly limited in scope.

Moreover, because Cloudera developed and provides the software accused of infringement in the case, it is in the best position to efficiently and vigorously defend against Parallel Iron's accusations, not the Customer Defendants. *See Commissariat*, 2004 WL 1554382, at *3. As this Court recognized in the *Commissariat* case: "Because the manufacturers are intimately involved in the design, operation, and use of the accused LCD panels, they are in the best position to contest the validity and infringement of [Plaintiff's] asserted patents. Resolving these issues prior to proceeding against the [Customer Defendants] would surely simplify this case." *Id.*

Here, Parallel Iron alleges in its Complaint that all the Customer Defendants "are using the same [HDFS], which is provided by defendant Cloudera," and that its "right to relief with

respect to the [Customer Defendants] at least arises out of the same transaction, occurrence, or series of transactions and occurrences regarding HDFS and its claims with respect to Cloudera," D.I. 1 at ¶ 17.  It is without question, therefore, that proceeding with the case first with respect to Cloudera, which possesses all the relevant knowledge regarding the accused product and is best positioned to contest the validity and infringement of the patents-in-suit, "would surely simplify this case."

Staying the claims against the Customer Defendants will also prevent an enormous waste of both judicial and litigant resources before trial.  *See Oplus Tech.*, 2012 WL 2280696, at *3 ("A stay in this instance benefits judicial economy and serves the just, speedy and inexpensive disposition of this litigation.").  There is no reason for at least 10 additional parties to participate in discovery in this case when adjudication of the claims against Cloudera alone might resolve the case.  Absent a stay, the Customer Defendants will be required to participate in discovery by, among other things, providing invalidity contentions, engaging in claim construction proceedings, and conducting expert discovery with respect to software that they have merely purchased from Cloudera.  Similarly, the Court will be forced to deal with any discovery-related disputes between the parties.  Large expenditures of time and resources will serve no purpose in advancing the case as the Customer Defendants are not involved in the design or development of the allegedly infringing software.  *See id.* ("the resolution of the [action against the supplier] could potentially eliminate the claims against [the customer]—and this would … substantially reduce the burden of litigation on the parties, as well as the Court.").  Therefore, staying the case against the Customer Defendants will serve the interest of "economy of time and effort for [the Court], for counsel, and for litigants."  *Id.*

Accordingly, this factor weighs strongly in favor of a stay.

**B.      A Stay of the Claims Against the Customer Defendants Will Not Unduly Prejudice or Disadvantage Parallel Iron.**

There will no prejudice or disadvantage to Parallel Iron if its claims against the Customer Defendants are stayed.

As discussed above, Parallel Iron acknowledges in its Complaint that all the Customer Defendants are "using *the same* Hadoop Distributed System software ("HDFS"), *which is provided by defendant Cloudera*," D.I. 1 at ¶ 17 (emphasis added). Therefore, Parallel Iron is able to obtain all the relevant discovery in this case concerning the accused software directly from Cloudera. There is no need for any discovery from the Customer Defendants in the case prior to the adjudication of Parallel Iron's claims against Cloudera. *See Oplus Tech.*, 2012 WL 2280696, at *3 (finding that "[the customer] is not likely to have information bearing on [plaintiff's] infringement claims or [the supplier's] defenses because "the customer had no involvement in the design, development, manufacture, or any other technical aspects of the accused products.").

In addition, as this Court has previously noted, because Parallel Iron is a non-practicing entity and is solely in the business of monetizing patents, it will not be unduly prejudiced by a stay. *See Pragmatus*, 2012 WL 2803695, at *2 (finding "no clear tactical disadvantage or undue prejudice against Pragmatus would exist by granting the stay" since it "is solely in the business of monetizing patents, and since Customers are not direct competitors, injunctive relief is not available."). Any purported harm that Parallel Iron suffers while the stay is pending can be fully compensated by monetary damages for the period in which any of the Customer Defendants allegedly continued to infringe Parallel Iron's patents. *Id.* ("Any purported harm that Pragmatus suffers from a stay can be fully compensated by monetary damages.").

Because all relevant discovery can be obtained directly from Cloudera and any harm suffered by Parallel Iron from a stay can be compensated by monetary damages, this factor also favors a stay of the claims against the Customer Defendants.

### C.     This Case is Still in Its Infancy.

Finally, the fact that this case is at its start also weighs in favor of a stay. *See Pragmatus*, 2012 WL 2803695, at *2; *Honeywell,* 2005 WL 2465898, at *4.  None of the Defendants in the case have yet to answer the Complaint.  The Court has not yet held a Rule 16 scheduling conference.  No discovery has been exchanged between the parties.  No trial date has been set. A stay at this early stage will not cause any disruption to the proceedings in the case, and will instead serve to streamline and narrow the dispute before the Court.

### CONCLUSION

For the foregoing reasons, Defendants respectfully request that this Court grant their motion to stay Parallel Iron's claims against the Customer Defendants pending final resolution of its claims against Cloudera.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jack B. Blumenfeld*
Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Jeremy A. Tigan (#5239)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@mnat.com
rsmith@mnat.com
jtigan@mnat.com
    *Attorneys for Defendants*

OF COUNSEL:

Christopher Kao
PERKINS COIE LLP
3150 Porter Drive
Palo Alto, CA 94304
(650) 838-4300
   *Attorneys for Defendant Cloudera, Inc.*

May 10, 2013
7189976